UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL DEFORCE GIBSON,<br><br>      Petitioner,<br><br>vs.<br><br>J.L. NORWOOD, *et al.*,<br><br>      Respondents. | 2:07-cv-01360-LRH-LRL<br><br>**ORDER** |

    Petitioner is a prisoner currently incarcerated at the Federal Correctional Complex in Victorville, California. Petitioner filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the Central District of California. (Docket #4). This action was transferred to the District of Nevada. (Docket #4-3, Order Transferring Action).

    Petitioner alleges that he was charged in the Eighth Judicial District Court, Clark County, Nevada, with battery with the use of a deadly weapon, and that he agreed to enter a guilty plea in a negotiated settlement of those charges, but that, he has yet to be sentenced. (Petition, Docket #7, at p. 3). Petitioner makes indirect reference to the Interstate Agreement on Detainers in his petition. Apparently, petitioner failed to appear for his sentencing. The Eighth Judicial District's online electronic docketing system indicates that, in case number 02-C-187352, petitioner was arraigned in the state district court in 2002, that he entered a guilty plea in 2003, that a bench warrant was entered in 2005, and that the sentencing hearing was vacated and the case closed. (http://courtgate.coca.co.clark.nv.us/).

The Interstate Agreement on Detainers (I.A.D) is uniform statute and compact entered into by the majority of states and the federal government. 18 U.S.C.App. 2, § 2; *See New York v. Hill*, 528 U.S. 110, 120 (U.S. 2000). Nevada is a signatory to the I.A.D. NRS. 178.620. The I.A.D. was intended to provide expeditious process for the disposition of pending charges in one state when the defendant is incarcerated in another state. Without the following three requirements, the I.A.D. does not coming into operation: (1) the existence of an untried charging document; (2) the existence of a filed detainer; and (3) the case not having proceeded beyond pretrial proceedings. 18 U.S.C.App. 2, § 2, at Articles III and IV; *see United States v. Lualemaga*, 280 F.3d 1260 (9th Cir. 2002).

In the instant action, petitioner has failed to show that an untried charging document is pending. Petitioner alleges, and the online docket suggests, that he has already pled guilty to felony battery. There is no untried indictment, information, or complaint. Because petitioner pled guilty to the charges, he waived his right to a trial, therefore the provisions in the I.A.D., at Articles III and IV, that require the trial to commence within 180 or 120 days have no application. Finally, petitioner has not demonstrated that a detainer was filed. Without a filed detainer, the I.A.D. does not operate. As such, the instant petition will be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that the petition is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY**.

Dated this 9th day of June, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE